| | |
|---|---|
| NELSON VAN WATKINS, )<br>)<br>　　Plaintiff, )<br>)<br>v. )<br>)<br>CAROLYN W. COLVIN, )<br>Acting Commissioner of Social Security, )<br>)<br>　　Defendant. )<br>_____ ) | MEMORANDUM AND<br>RECOMMENDATION |

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of the final decision by the Commissioner of Social Security ("Commissioner") denying Plaintiff's claim for social security disability benefits. This case came before the Court on the administrative record, the parties' Motions for Summary Judgment [# 13 & # 16], and Plaintiff's Motion to Receive New and Material Evidence [# 9]. The Court **RECOMMENDS** that the District Court **GRANT** the Commissioner's Motion for Summary Judgment [# 16], **DENY** the Plaintiff's Motion for Summary Judgment [# 13] and Motion to Receive New and Material Evidence [# 9], and **AFFIRM** the Commissioner's decision.

## I. Procedural History

Plaintiff filed an application for disability benefits on November 15, 2010. (Transcript of Administrative Record ("T.") 123.) Plaintiff alleged an onset date of April 26, 2010. (Id.) The Social Security Administration denied Plaintiff's claim. (T. 107-10.) Plaintiff requested reconsideration of the decision, which was also denied. (T. 111-115.) A disability hearing was then held before an Administrative Law Judge ("ALJ"). (T. 43-67.) The ALJ then issued a decision finding that Plaintiff was not disabled during the relevant time period. (T. 22-38.) Plaintiff requested review of the ALJ's decision, which was denied by the Appeals Council (T. 1-4.) Plaintiff then brought this action seeking review of the Commissioner's decision.

## II. Standard for Determining Disability

An individual is disabled for purposes of receiving disability payments if she is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . . ." 42 U.S.C. § 423(d)(1)(A); see also Mastro v. Apfel, 270 F.3d 171, 176 (4th Cir. 2001). The Commissioner undertakes a five-step inquiry to determine whether a claimant is disabled. Johnson v. Barnhart, 434 F.3d 650, 653

(4th Cir. 2005). Under this inquiry, the Commissioner must consider in sequence: (1) whether a claimant is gainfully employed; (2) whether a claimant has a severe impairment that significantly limits his ability to perform basic work-related functions; (3) whether the claimant's impairment meets or exceeds the listing of impairments contained in Appendix I of 20 C.F.R. Part 404, subpart P; (4) whether the claimant can perform his past relevant work; (5) whether the claimant is able to perform any other work considering his age, education, and residual functional capacity. Mastro, 270 F.3d at 177; Johnson, 434 F.3d at 654 n.1; 20 C.F.R. § 404.1520. If at any stage of the inquiry, the Commissioner determines that the claimant is or is not disabled, the inquiry is halted. 20 C.F.R. §§ 404.1520(a) and 416.920(a).

### III. The ALJ's Decision

In his October 19, 2012, decision the ALJ found that Plaintiff was not disabled under Sections 216(i) and 233(d) of the Social Security Act. (T. 38.) The ALJ made the following specific findings:

(1) The claimant meets the insured status requirements of the Social Security Act through December 31, 2015.

(2) The claimant has not engaged in substantial gainful activity since April 26, 2010, the alleged onset date (20 CFR 404.1571 *et seq.*).

(3) The claimant has the following severe impairments:

(3) degenerative joint disease of the right shoulder, obesity, bipolar disorder, and anxiety/panic disorder (20 CFR 404.1520(c)).

(4) The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (404 CFR 404.1520(d), 404.1525 and 404.1526).

(5) After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform medium work as defined in 20 CFR 404.1567(c) with certain additional limitations. Specifically, the claimant is capable of lifting and/or carrying 50 pounds occasionally and 25 pounds frequently. The claimant is capable of sitting, standing, and walking for 6 hours each out of an 8-hour workday. The claimant can reach with the right upper extremity frequently. The claimant can perform simple, tone-two step tasks. The claimant can perform work involving occasional public contact.

(6) The claimant is capable of performing past relevant work as a dump truck driver. This work does not require the performance of work-related activities precluded by the claimant's residual functional capacity (20 CFR 404.1565).

(7) The claimant has not been under a disability, as defined in the Social Security Act, from April 26, 2010, through the date of this decision (20 CFR 404.1520(f)).

(T. 24-38.)

**IV. Standard of Review**

Section 405(g) of Title 42 provides that a plaintiff may file an action in federal court seeking judicial review of the Commissioner's denial of social security benefits. Hines v. Barnhart, 453 F.3d 559, 561 (4th Cir. 2006). The

scope of judicial review, however, is limited. The Court "must uphold the factual findings of the Secretary if they are supported by substantial evidence and were reached through application of the correct legal standard." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Id. (internal quotation marks omitted). It is more than a scintilla but less than a preponderance of evidence. Id. When a federal district court reviews the Commissioner's decision, it does not "re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the Secretary." Id. Accordingly, the issue before the Court is not whether Plaintiff is disabled but, rather, whether the Commissioner's decision that he is not disabled is supported by substantial evidence in the record, and whether the ALJ reached his decision based on the correct application of the law. Id.

V.  Analysis[1]

A.  **The Motion to Receive New Evidence**

Plaintiff moves the Court to receive new evidence. As a threshold matter, it would be improper for this Court to consider new evidence that was not submitted during the administrative process. See Smith v. Chater, 99 F.3d 635, 638 n.5 (4th

---

[1] Rather than separately set forth the facts in this case, the Court has incorporated the relevant facts into its legal analysis.

Cir. 1996). In certain circumstances, however, the Court may remand a case pursuant to sentence six of the Social Security Act, 42 U.S.C. § 405(g), for the Commissioner to take additional evidence. This Court may order that additional evidence be taken before the Commissioner upon a showing that there is new, material evidence and that good cause exists for the failure to incorporate such evidence into the record in the prior proceedings. 42 U.S.C. § 405(g); Smith, 99 F.3d at 638 n.5; Wilkins v. Sec'y, Dep't Health & Human Servs., 953 F.2d 93, 96 n.3 (4th Cir. 1991). The burden of showing that the evidence satisfies these three requirements rests with the Plaintiff. Cox v. Astrue, No. 5:11-CV-527-D, 2013 WL 363755, at *2 (E.D.N.C. Jan. 30, 2013); Sutherland v. Colvin, Civil Action No. 5:12cv00020, 2013 WL 4501418, at * 8 (W.D. Va. Aug. 22, 2013); Meadows v. Astrue, Civil Action No. 5:08-cv-01129, 2010 WL 1380117, at * 3 (S.D. W. Va. Mar. 31, 2010).

As the United States District Court for the Southern District of West Virginia recently explained:

> "Evidence is new within the meaning of this section if it is not duplicative or cumulative." Wilkins v. Secretary, Department of Health and Human Services, 953 F.2d 93, 96 (4th Cir.1991) (citations omitted). "Evidence is material if there is a reasonable probability that the new evidence would have changed the outcome." Id. (citing Borders v. Heckler, 777 F.2d 954, 956 (4th Cir.1985)). The new evidence must "relate to the period on or before the date of the administrative law judge hearing decision." 20 C.F.R. § 404.970(b).

Meadows, 2010 WL 1380117, at *3; see also Jackson v. Astrue, Civil No. 3:09-CV-193-RJC-DCK, 2010 WL 4258748, at *5 (Sept. 29, 2010) (Keesler, Mag. J.)

Plaintiff has failed to satisfy his burden of demonstrating that the purported new evidence warrants remand. The purported new evidence in this case is a subsequent decision by the Commissioner finding Plaintiff disabled from a period beginning October 20, 2012, the day after the ALJ's decision in this case. (Ex. 1 to Pl.'s Mot. Receive New & Material Evidence ("Ex. 1") at p. 31.) The mere existence of a subsequent favorable decision, however, does not constitute new and material evidence pursuant to Section 405(g). Allen v. Astrue, 561 F.3d 646, 653 (6th Cir. 2009); see also Baker v. Comm'r Soc. Sec., 520 F. App'x 228, 229 n.1 (4th Cir. 2013) (unpublished); Cunningham v. Comm'r Soc. Sec., 507 Fed. App'x 111, 120 (3rd Cir. 2012) (unpublished); Perry v. Astrue, Civil Action No. 10-11004-DPW, 2012 WL 645890, at *12 (D. Mass. Feb. 27, 2012) (unpublished); Atkinson v. Astrue, No. 5:10-CV-298-FL, 2011 WL 3664346, at *14-17 (E.D.N.C. Jul 20, 2011) (unpublished). As the United States Court of Appeals for the Sixth Circuit explained in Allen:

> Under sentence six, the mere existence of a subsequent decision in [claimant's] favor, standing alone, cannot be evidence that can change the outcome of his prior proceeding. A subsequent favorable decision may be *supported by* evidence that is new material under § 405(g), but

the decision is not itself new and material evidence.

561 F.3d at 653 (emphasis in orgininal).  To the extent that the United States Court of Appeals for the Ninth Circuit held otherwise in Luna v. Astrue, 623 F.3d 1032, the Court finds the reasoning of the Sixth Circuit more persuasive and adopts the majority view that a subsequent favorable decision, even when coming in close proximity to the prior unfavorable decision, is not new evidence within the meaning of Section 405(g) and does not require remand.  See generally, Atkinson, 2011 WL 3664346, at *14-17 (collecting cases and rejecting the minority view as set forth in Luna).  Accordingly, the Court finds that the subsequent favorable decision by the Commissioner is not new evidence and does not necessarily require remand.

Moreover, Plaintiff has failed to present this Court with any evidence that could constitute new evidence within the meaning of Section 405(g) and warrant remanding this case.  In fact, even the subsequent decision is based on Plaintiff's worsening condition after the ALJ issued his opinion in this case. (Ex. 1 at pp. 9, 13, 29.)  Because Plaintiff has failed to meet his burden of demonstrating that new and material evidence warrants remand, the Court **RECOMMENDS** that the District Court **DENY** the Motion to Receive New and Material Evidence [# 9].

    **B.**    **The Motions for Summary Judgment**

1. The ALJ did not err in Weighing the Opinion Evidence

In evaluating and weighing medical opinions, the ALJ considers: "(1) whether the physician has examined the applicant, (2) the treatment relationship between the physician and the applicant, (3) the supportability of the physician's opinion, (4) the consistency of the opinion with the record, and (5) whether the physician is a specialist." Johnson v. Barnhart, 434 F.3d, 653 (4th Cir. 2005); see also 20 C.F.R. § 404.1527. The ALJ, however, will give a treating source's opinion "controlling weight" where it "is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in your case record . . . ." 20 C.F.R. § 404.1527(d)(2); Mastro, 270 F.3d at 178. As the Fourth Circuit explained in Mastro:

> Thus, "[b]y negative implication, if a physician's opinion is not supported by clinical evidence or if it is inconsistent with other substantial evidence, it should be accorded significantly less weight." Craig, 76 F.3d at 590. Under such circumstances, the ALJ holds the discretion to give less weight to the testimony of a treating physician in the face of persuasive contrary evidence. See Hunter, 993 F.2d at 35.

270 F.3d at 178.

Statements by medical sources that a patient is disabled, unable to work, or meets the listing requirements are not medical issues, but are administrative findings reserved for the Commissioner. SSR 96-5p, 1996 WL 374183 (Jul. 2,

1996). Because they are administrative findings, "treating source opinions on issues that are reserved to the Commissioner are never entitled to controlling weight or special significance." Id.

In addition, the ALJ must provide a good reason in the notice of the determination or decision for the weight he or she gives a claimant's treating source opinions. 20 C.F.R. § 404.1527(d)(2); SSR 96-2p, 1996 WL 374188 (Jul. 2, 1996). Social Security Ruling 96-2p further provides that:

> the notice of the determination or decision must contain specific reasons for the weight given to the treating source's medical opinion, supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight.

In contrast to the opinion of a treating source, the opinion of a consultative examiner is not entitled to controlling weight. See generally SSR 96-2P, 1996 WL 374188, at *2 (July 2, 1996). A consultative examiner is a nontreating medical source. See 20 C.F.R. § 404.1502. As the pertinent regulation explains:

> Nontreating source means a physician, psychologist, or other acceptable medical source who has examined you but does not have, or did not have, an ongoing treatment relationship with you. The term includes an acceptable medical source who is a consultative examiner for us, when the consultative examiner is not your treating source.

20 C.F.R. § 404.1502. Of course, the ALJ may still give "great weight" to the opinion of a nontreating source and, under the right circumstances, may even find

that it is entitled to greater weight than that of a treating source. See SSR 96-2P. Similarly, a nurse practitioner is not an acceptable medical source, and is evaluated as other treating sources. SSR 06-03p.

Plaintiff contends that the ALJ erred in his treatment of the opinion of Dr. Mary Berg, who conducted a consultative psychological evaluation and Peggy Bintz, a nurse practitioner. As a threshold matter, the bulk of Plaintiff's argument is without merit as it is based on the subsequent favorable decision by the Commissioner, which is not material to the issue before the Court. The fact that Plaintiff was determined to be disabled on a date beginning after the ALJ issued his decision in this case does not demonstrate that the ALJ committed reversible error weighing the opinion evidence in this case. Similarly, Plaintiff may not base his argument on evaluations and medical opinions that were not before the ALJ.

Moreover, the decision of the ALJ to assign some weight to the decision of Dr. Berg (T. 35) is supported by substantial evidence in the record. The ALJ found that Dr. Berg's conclusion regarding Plaintiff's mental work restrictions were inconsistent with her own examinations of Plaintiff and not supported by the record. (T. 35.) The ALJ also found that Plaintiff's daily activities were inconsistent with Dr. Berg's mental work restrictions. (T. 35.) Aside from relying on the new decision, Plaintiff has failed to articulate a coherent legal argument as

to how the ALJ erred in reaching the conclusion that Dr. Berg's opinion as to Plaintiff's mental work limitations was in error. Upon a review of the record and the ALJ's decision, the Court finds that the decision of the ALJ to assign only some weight to Dr. Berg's opinion is supported by substantial evidence in the record. Finally, the ALJ did not error by assigning greater weight to the opinion of Plaintiff's psychiatrist, Dr. Bierrenbach, than to a treating nurse practitioner.

        2.      <u>The ALJ did not err in Considering Plaintiff's complaints of pain</u>

Plaintiff contends that the ALJ failed to properly consider the Plaintiff's statements regarding his pain and symptoms. As an initial matter, the Court recognizes that it is not the role of this Court to determine whether Plaintiff's testimony was fully credible. <u>Craig</u>, 76 F.3d at 589. Rather, the question for the Court is whether the ALJ applied the proper legal standard in assessing Plaintiff's credibility and whether the ALJ's decision is supported by substantial evidence. <u>Id.</u>

In assessing a claimant's statement of pain and other symptoms, the ALJ applies a two part process. <u>Id.</u> at 594; <u>Hines</u>, 453 F.3d at 565. First, the ALJ must assess whether there is a medically determinable physical impairment that could reasonably be expected to produce claimant's symptoms. 20 C.F.R. §404.1529(c)(1); <u>Craig</u>, 76 F.3d at 595; <u>Hines</u>, 453 F.3d at 565. If the ALJ finds

that a claimant suffers such an impairment and that the impairment could reasonably be expected to produce the symptoms of pain of which claimant complains, the ALJ proceeds to step two. 20 C.F.R. § 404.1529(c)(1); Aytch v. Astrue, 686 F. Supp. 2d 590, 604 (E.D.N.C. 2010).

At the second step, the ALJ must evaluate the intensity and persistence of the pain, as well as the extent to which the claimant's symptoms and pain impact his or her ability to work. 20 C.F.R. § 404.1529(c)(1); Craig, 76 F.3d at 595. "This evaluation requires the ALJ to determine the degree to which the claimant's statements regarding symptoms and their functional effects can be believed and accepted as true; thus the ALJ must consider conflicts between the claimant's statements and the rest of the evidence." Aytch, 686 F. Supp. 2d at 604. This evaluation takes into account all of the available evidence, including the claimant's medical history, the medical signs and laboratory findings, other objective medical evidence, and testimony or statements from claimant, physicians, or others regarding the pain and symptoms. 20 C.F.R. § 404.1529(c)(1) & (2); Craig, 76 F.3d at 595.

Here, the ALJ applied this two-step process in assessing Plaintiff's statements regarding his symptoms. (T. 29-30.) The ALJ first determined that Plaintiff's medically determinable impairments could reasonably be expected to

produce the symptoms Plaintiff alleged. (T. 29.) The ALJ then found that Plaintiff's "statements concerning the intensity, persistence and limiting effects of [his] symptoms are not credible to the extent they are inconsistent with the above residual functional capacity assessment." (T. 29.)

The ALJ also provided detailed and specific reasons for why he found Plaintiff's testimony not fully credible. (T. 30.) For example, the ALJ found that Plaintiff's failure to seek regular treatment harmed his credibility. (Id.) In addition, the ALJ found that the evidence of Plaintiff's activities was inconsistent with his alleged symptoms. (Id.) The ALJ noted that Plaintiff occasionally goes fishing, traveled to South Carolina on a fishing trip with a friend, cares for his seventy-four year old aunt, washes dishes, vacuums, cooks, washes laundry, takes out the trash, cleans the bathroom, shops in stores, drives, spends time with family, performs household maintenance, watches TV, and reads books. (Tr. 30.) In April 2011, Plaintiff reported that he was regularly exercising. (Tr. 30, 429.) In contrast to Plaintiff's contention to the contrary, the ALJ properly considered SSR 96-7p in evaluating Plaintiff's credibility.

Although Plaintiff may disagree with the result that the ALJ reached based on the application of this two-step process, the record is clear that the ALJ applied the correct legal standard in assessing Plaintiff's credibility, and it is not the role of

this Court to re-weigh the evidence and determine whether Plaintiff's testimony is credible. See Craig, 76 F.3d at 589. The Court finds that the ALJ's determination that Plaintiff's testimony was not fully credible was the result of the application of the proper legal standard and is supported by substantial evidence in the record.

## VI. Conclusion

The Court **RECOMMENDS** that the District Court **GRANT** the Commissioner's Motion for Summary Judgment [# 16], **DENY** the Plaintiff's Motion for Summary Judgment [# 13] and Motion to Receive New and Material Evidence [# 9], and **AFFIRM** the Commissioner's decision.

Signed: November 4, 2014

Dennis L. Howell
United States Magistrate Judge

## Time for Objections

The parties are hereby advised that, pursuant to 28, United States Code, Section 636(b)(1)(c), and Rule 72, Federal Rules of Civil Procedure, written objections to the findings of fact, conclusions of law, and recommendation contained herein must be filed within **fourteen (14)** days of service of same. **Responses to the objections must be filed within fourteen (14) days of service of the objections.** Failure to file objections to this Memorandum and Recommendation with the district court will preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140 (1985), reh'g denied, 474 U.S. 1111 (1986); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).