# THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL CASE NO. 1:13-cv-00324-MR-DLH

| NELSON VAN WATKINS, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | **O R D E R** |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security, | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the Court on the Plaintiff's Motion to Receive New and Material Evidence [Doc. 9]; the Plaintiff's Motion for Summary Judgment [Doc. 13]; the Defendant's Motion for Summary Judgment [Doc. 16]; and the Magistrate Judge's Memorandum and Recommendation [Doc. 18] regarding the disposition of those motions.

Pursuant to 28 U.S.C. § 636(b) and a specific Order of referral of the District Court, the Honorable Dennis L. Howell, United States Magistrate Judge, was designated to consider the pending motions in the above-captioned action and to submit to this Court a recommendation for the disposition of these motions.

On November 4, 2014, the Magistrate Judge filed a Memorandum and Recommendation [Doc. 18] in this case containing proposed findings of fact and conclusions of law in support of a recommendation regarding the motions [Docs. 9 and 13]. The parties were advised that any objections to the Magistrate Judge's Memorandum and Recommendation were to be filed in writing within fourteen (14) days of service. The Plaintiff filed objections to the Magistrate's findings on November 18, 2014, [Doc. 19], and the Defendant responded to such objections on December 3, 2014 [Doc. 20].

**A. Objection to Recommendation Regarding Motion to Receive New Evidence**

Magistrate Judge Howell aptly noted that the Court "may order that additional evidence be taken before the Commissioner upon a showing that there is new, material evidence and that good cause exists for the failure to incorporate such evidence into the record in the prior proceedings. 42 U.S.C. § 405(g); Smith v. Chater, 99 F.3d at 638 n.5; Wilkins v. Sec'y, Dep't Health & Human Servs., 953 F.2d 93, 96 n.3 (4th Cir. 1991)." [Doc. 18 at 6]. Further, "[t]he mere existence of a subsequent favorable decision, however, does not constitute new and material evidence pursuant to Section 405(g). Allen v. Astrue, 561 F.3d 646, 653 (6th Cir. 2009); see also

Baker v. Comm'r Soc. Sec., 520 F. App'x 228, 229 n.1 (4th Cir. 2013) (unpublished); Cunningham v. Comm'r Soc. Sec., 507 Fed. App'x 111, 120 (3rd Cir. 2012) (unpublished); Perry v. Astrue, Civil Action No. 10-11004-DPW, 2012 WL 645890, at *12 (D. Mass. Feb. 27, 2012) (unpublished); Atkinson v. Astrue, No. 5:10-cv-298-FL, 2011 WL 3664346, at *14-17 (E.D.N.C. July 20, 2011) (unpublished)." [Doc. 18 at 7]. Magistrate Judge Howell noted that the subsequent decision in this case was based on the Plaintiff's worsening condition. [Doc. 18 at 8]. Thus, he recommended that the Court find that the Plaintiff had failed to present any new evidence according to the meaning of Section 405(g) that could require remand of this case.

The Plaintiff argues that his subsequent favorable decision should be considered as new and material evidence for the Court's consideration, and references psychiatric medical evidence following the first ALJ's unfavorable decision. [Doc. 19 at 3-7]. Particularly, the Plaintiff cites Blackwell v. Colvin, 2013 WL 5739097 at *1, 5-6 (E.D.N.C. October 22, 2013), in which a subsequent favorable disability decision was found to constitute new evidence. The Blackwell decision relied in part on Bird v. Commissioner, 699 F.3d 337 (4th Cir. 2012), in which the ALJ had erred in failing to consider medical evidence which related to the claimant's

3

impairments prior to his date last insured, and had failed to assign more weight to the disability determination of the Department of Veterans Affairs. See Blackwell, 2013 WL 5739097 at *6.  The Plaintiff claims that the opinion evidence upon which the Plaintiff's favorable decision relied related to the time period in question for the Plaintiff's first disability application. [Doc. 19 at 5-7].

In the recent case of Peak v. Colvin, No. 1:13-cv-00321, 2014 WL 5529484, at *2 (W.D.N.C. Oct. 31, 2014), however, this Court found that "[a] subsequent favorable decision itself, as opposed to the evidence supporting the subsequent decision, does not constitute new and material evidence under § 405(g)." Baker v. Comm'r of Soc. Sec., 520 F. App'x 228, 229 (4th Cir. 2013) (quoting Allen v. Comm'r of Soc. Sec., 561 F.3d 646, 653 (6th Cir. 2009)).  Further, "[a]lthough evidence does not have to have existed during the period under consideration by the instant case's ALJ, it must relate to that period," Jackson v. Astrue, 1:09-cv-467, 2011 WL 2694623 at *2 (W.D.N.C. July 12, 2011) (citing Bradley v. Barnhart, 463 F.Supp.2d 577 (S.D.W.Va. 2006)), and must "bear directly and substantially on the matter in dispute." Jackson, 1:09-cv-467, 2011 WL 2694623 at *2 (quoting Bruton v. Massanari, 268 F.3d 824 (9th Cir. 2001)).

4

Here, the Plaintiff has not presented any evidence to this Court that is new within the meaning of Section 405(g).  The Plaintiff has not moved for the Court to consider medical record evidence upon which his subsequent decision is based as new and material.  Rather, he has moved for the consideration of the subsequent favorable decision itself as new and material evidence.  [Doc. 9].  The Plaintiff's subsequent favorable decision standing alone is not new or material evidence, according to Baker, 520 F. App'x at 229.  The subsequent favorable decision references a decline in the Plaintiff's conditions, indicating that "[i]t appears that [claimant's] symptoms have worsened since ALJ on 10/19/2012."  [Doc. 9-1 at 13]. Further, the decision notes "ALJ [prior decision] given other weight because [claimant's] condition has deteriorated since that assessment."  [Doc. 9-1 at 9].

The Plaintiff attached a psychological assessment to his objections to the Magistrate Judge's Memorandum and Recommendation.  [Doc. 19-1]. The Plaintiff seeks to rely on such assessment to argue that the subsequent favorable decision was based upon new evidence that related the Plaintiff's conditions back to the time period of his first application. [Doc. 19].  The Plaintiff attempts to move the Court to now review such records, [id. at 6], but such a motion is untimely.  Further, even if such

5

records were considered, they fail to indicate a relation back to the Plaintiff's initial application period.

Thus, the Plaintiff's first objection is overruled.

**B. Objection to Recommendation Regarding Dr. Berg's Opinion**

Magistrate Judge Howell recommended that the ALJ's decision to assign some weight to the opinion of Dr. Berg was properly supported by substantial evidence in the record. [Doc. 18 at 11]. Magistrate Judge Howell indicated that the Plaintiff's argument regarding the weight given to Dr. Berg's opinion was primarily based on the Plaintiff's subsequent favorable decision, which is not considered as new and material evidence in this case. [Id.]. "Plaintiff may not base his argument on evaluations and medical opinions that were not before the ALJ." [Id.]. It is not the task of this Court to re-weigh the evidence or substitute its own judgment for that of the Commissioner, even if it disagrees with the Commissioner's decision, so long as there is substantial evidence in the record to support the final decision below. See Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990); see also Lester v. Schweiker, 683 F.2d 838, 841 (4th Cir. 1982). Magistrate Judge Howell outlined how he found that the ALJ's decision regarding Dr.

Berg's opinion was proper, particularly indicating the inconsistencies that the ALJ had found within the record. [Doc. 18 at 11]. Further, Magistrate Judge Howell aptly noted that "the opinion of a consultative examiner is not entitled to controlling weight. See generally SSR 96-2P, 1996 WL 374188, at *2 (July 2, 1996). A consultative examiner is a nontreating medical source. See 20 C.F.R. § 404.1502." [Doc. 18 at 10].

The Plaintiff has objected to the Magistrate Judge's conclusions, noting that the Plaintiff's record evidence supported Dr. Berg's opinions. [Doc. 19 at 10]. Magistrate Judge Howell noted that the ALJ's finding that "Dr. Berg's conclusion regarding Plaintiff's mental work restrictions were inconsistent with her own examinations of Plaintiff and not supported by the record." (T. 35). The ALJ also found that Plaintiff's daily activities were inconsistent with Dr. Berg's mental work restrictions. (T. 35)." Dr. Berg is a consultative examiner, whose opinion is not afforded controlling weight. See generally SSR 96-2P, 1996 WL 374188, at *2 (July 2, 1996). This Court will not substitute its own judgment for the ALJ's judgment regarding Dr. Berg's opinions, since the ALJ's judgment was based on substantial evidence within the record.

Thus, the Plaintiff's second objection is overruled.

**C. Conclusion**

After a careful review of the Magistrate Judge's Memorandum and Recommendation [Doc. 18], the Court finds that the proposed findings of fact are correct and that the proposed conclusions of law are consistent with current case law. Accordingly, the Court hereby accepts the Magistrate Judge's recommendation that the Plaintiff's Motion to Receive New and Material Evidence [Doc. 9] and Motion for Summary Judgment [Doc. 13] be denied, the Commissioner's Motion for Summary Judgment [Doc. 16] be granted, and the Commissioner's decision be affirmed.

## O R D E R

**IT IS, THEREFORE, ORDERED** that the Magistrate Judge's Memorandum and Recommendation [Doc. 18] is **ACCEPTED.**

**IT IS FURTHER ORDERED** that the Plaintiff's Motion to Receive New and Material Evidence [Doc. 9] is **DENIED**, the Plaintiff's Motion for Summary Judgment [Doc. 13] is **DENIED**, the Commissioner's Motion for Summary Judgment [Doc. 16] is **GRANTED,** and the Commissioner's decision is **AFFIRMED**.

A judgment shall be entered simultaneously herewith.

**IT IS SO ORDERED.**

Signed: January 15, 2015

Martin Reidinger
United States District Judge